UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE The Complaint of Speedy's Airboat Tours, Inc. as Owner of the motor vessel registered as FL 3859 KB, its engines, tackle appurtenances, equipment, etc., in a cause of exoneration from or limitation of liability

Case No. 2:11-cv-448-FtM-29DNF

_____

**OPINION AND ORDER**

This matter comes before the Court on a Motion to Dismiss (Doc. #8) filed on August 22, 2011, by plaintiff Jillian Mitchenall (Mitchenall or plaintiff). Mitchenall seeks to dismiss Speedy's Airboat Tours, Inc.'s Petition for Exoneration From or Limitation of Liability for lack of subject matter jurisdiction. Petitioner Speedy's Airboat Tours, Inc. (Speedy's Airboat or petitioner) filed a response in opposition on September 6, 2011. (Doc. #10.) For the reasons discussed below, the motion to dismiss is denied.

The Complaint for Exoneration From or Limitation of Liability (the Complaint)(Doc. #1) alleges that Speedy's Airboat is the owner of a 16-foot Bobby Jones/Cottonmoust airboat which, on or about March 3, 2011, was operating near Everglades City in Collier

County, Florida when it collided with mangroves. As a result of the collision, two passengers of the airboat were injured. Speedy's Airboat contends it is entitled to exoneration from liability, or alternatively, that liability should be limited to the $7,500.00 value of Speedy's Airboat's interest in the vessel. Mitchenall alleges that the accident occurred in the Everglades at certain specific coordinates in an area known as Sally Slough (Doc. #8, ¶3), and "[b]y information and belief, this accident occurred in very shallow water in an area only big enough for one airboat to pass." (Doc. #8, ¶4.) Based on this, Mitchenall asserts that the accident did not occur on "navigable waters" and therefore the court lacks subject matter jurisdiction.

This Court has discussed admiralty jurisdiction and navigable waters within the Everglades in In re Everglades Island Boat Tours, LLC, 484 F.Supp.2d 1259 (M.D. Fla. April 23, 2007). The factual matters presented at this stage of the proceedings establish that the accident occurred in navigable waters. See Affidavit of Phillip T. Johnson, owner and President of Speedy's Airboat Tours, Inc. (Doc. #10-1.) Therein, he attests that during the voyage at issue, the airboat traveled from Speedy Boat's dock "on the Barron River through various different waterways, channels and bodies of water to access Sally Slough." (Id. at ¶9.) Johnson attests that the Sally Slough is connected to the Barron River, which connects directly to the Chokoloskee Bay and the Gulf of Mexico. Johnson

attests that the Sally Slough is used by Speedy's Airboats for sightseeing tours through the Everglades. Attached to his affidavit are two maps that demonstrate the approximate position of the incident. (Doc. #10-2.) This case is thus factually dissimilar to <u>In re Complaint of Bridges Enterprises, Inc</u>., No. 02-60270-CIV, 2003 WL 23305261 (S.D. Fla. Oct. 14, 2003) and <u>Lykes Bros. Inc. v. U.S. Army Corps of Engineers</u>, 821 F. Supp. 1457 (M.D. Fla. 1993). Accordingly, the Court concludes that petitioner has established admiralty jurisdiction at this stage of the proceedings.

Accordingly, it is now

**ORDERED**:

The Motion to Dismiss (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of March, 2012.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record